UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.                                                                              Case No. 4:06-CV-117

M. JACK FLEMING and CAROL FLEMING,            HON. GORDON J. QUIST
individually and as trustees of the
MERCHANTS PUBLISHING CO., INC.
401(k) PROFIT SHARING PLAN,
and MERCHANTS PUBLISHING CO., INC.,
d/b/a UNIVERSAL LITHO,
and the MERCHANTS PUBLISHING CO., INC.
401(k) PROFIT SHARING PLAN,

      Defendants.
_____/

**OPINION**

In this action, Plaintiff, Elaine L. Chao, the Secretary of Labor ("Secretary"), has sued Defendants, M. Jack Fleming and Carol Fleming, individually and as trustees of the Merchants Publishing Co., Inc. 401(k) Profit Sharing Plan (the "Plan"), Merchants Publishing Co., Inc. ("MPC") d/b/a Universal Litho, and the Merchants Publishing Co., Inc. 401(k) Profit Sharing Plan, alleging that they have violated various sections of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Now before the Court is Defendants' motion to stay this civil action in light of impending criminal charges also based upon violations of ERISA.

The Secretary filed her complaint in this case on September 27, 2006, alleging that Defendants violated ERISA by, among other things, failing to segregate employee contributions to

the Plan from MPC's general assets and allowing those funds to be used for MPC's general operating expenses. The Employee Benefits Security Administration ("EBSA") initiated a civil investigation of alleged ERISA violations in June 2005, which led to the filing of the complaint. EBSA subsequently opened a criminal investigation in March 2006. Since that time, the criminal investigator has been working with Assistant United States Attorney Michael MacDonald of the United States Attorney's Office for this district. On March 22, 2007, AUSA MacDonald, orally and in writing, notified Defendants' counsel that the Government was conducting an investigation of Defendants' alleged retirement benefits fraud and bank fraud. AUSA MacDonald wrote that "[t]he United States believes that it has sufficient evidence to bring criminal charges against [Defendants] for multiple acts of embezzlement/conversion of retirement benefits, contrary to 18 U.S.C. § 1344." Defendants filed the instant motion to stay on April 19, 2007. Defendants have yet to be indicted.

While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending. *See Landis v. No. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Fed. Sav. & Loan ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). *See also Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("In the absence of substantial prejudice to the rights of the parties involved, [] parallel [criminal and civil] proceedings are unobjectionable under our jurisprudence."). However, simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings. "Courts are afforded th[e] discretion [to grant a stay] because the denial of a stay could impair a party's Fifth Amendment privilege against self-

2

incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires. *See Pelzer v. City of Pa.*, No. 07-0038, 2007 WL 1377662, at *2 (E.D. Pa. May 7, 2007); *Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004).

The decision to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved. *See Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) (quoting *Molinaro*, 889 F.2d at 902). One court has observed that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser Indus., Inc.*, 628 F.2d at 1375-76. Some of the factors that a court should consider and balance in determining whether to grant a stay include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139 (footnotes and citations omitted).

The Court begins its analysis with the status of the criminal case. As Defendants concede, and to this Court's knowledge, Defendants have not yet been indicted. In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted, whereas pre-

3

indictment requests for a stay, as in this case, are usually denied. *See In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. Oct. 31, 1990) (noting that courts in the Second Circuit "will deny a stay of the civil proceeding where no indictment has issued"); *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-cv-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill, Apr. 21, 2006) (noting that the fact that the defendants had not been indicted strongly supported denial of a stay); *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, at * (E.D. Pa. Sept. 18, 2002) (noting that "[a] court is most likely to grant a stay of civil proceedings where an indictment has been returned" but that "pre-indictment requests for a stay are typically denied" because "of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial"). On the other hand, a stay should not be categorically denied solely because the defendant has not yet been indicted. *See Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp.2d 523, 527 (D.N.J. 1998) ("It is 'still possible' to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation.") (citing Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). In *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985), one of the few cases that this Court has found in which a court granted a pre-indictment stay, the Secretary of Labor sued the defendants, trustees of a welfare fund governed by ERISA, alleging that they violated ERISA. The trustee defendants sought a stay of the civil proceedings upon the ground that they had previously been served with grand jury subpoenas which indicated that the government was preparing to prosecute them for ERISA violations. The court cited a number of considerations supporting its decision to grant a stay. First, it noted that a stay "is most likely to be granted where the civil and criminal actions involve the same subject matter and is even more appropriate when both actions are brought by the government." *Id.* at 119 (citing *Dresser Indus.*, 628 F.2d at 1376). Second, it found

that a stay would not cause serious damage to the public interest because there were no allegations that plan beneficiaries were not receiving benefits, nor were there allegations of continuing or threatened injury that might result from the stay.[1] *See id.* at 120. Third, the government did not cite any evidence that might be lost if civil discovery was stayed, and the court observed that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues." *Id.* Fourth, the court found that the public interests balanced against the defendants' Fifth Amendment protections weighed in favor of a stay because their decision to invoke their Fifth Amendment rights could greatly increase the chance that they would be found liable in the civil action. *See id.* Finally, the court observed that while criminal prosecutions can take some time to complete, a stay would not necessarily delay enforcement of the public interests "because a criminal prosecution serves to enforce those same interests." *Id.* at 121. *See also S.E.C. v. HealthSouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (granting a pre-indictment stay where the indictment was "an eventuality" and "the harm to defendant Scrushy from blindly pushing ahead with this matter [would] greatly outweigh the prejudice to the SEC from a stay of this civil proceeding").

While the fact that a defendant has not been indicted generally weighs against a stay and may, by itself, provide a sufficient basis for denying a stay, *see United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992) ("As a preliminary matter, since Avellino has yet to be indicted by any grand jury, his motion to stay may be denied on that ground alone."), the Court declines to consider this factor as weighing against a stay. In particular, based upon statements by AUSA MacDonald, it appears that an indictment for violations of ERISA

---

[1] The defendants in *Brock* sought only a stay of discovery, *see* 109 F.R.D. at 119-20, while Defendants in this case request a stay of the entire case.

is but "an eventuality," and it further appears that the Government may be investigating bank fraud charges, which may or may not be intertwined with the alleged ERISA violations. In addition, other considerations discussed below render this factor less significant.

The second factor, the extent to which the issues in the criminal case overlap with those in the civil case, is regarded as "the most important factor" because "[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998) (citing *Transworld Mech.*, 886 F. Supp. at 1139). *See also In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at * 3 (E.D. Pa. May 13, 2003) ("The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether or not to grant a stay."). Although Defendants have not been indicted, it appears that the issues framed by any indictment to be handed down will be coextensive with those in this case, with the possible exception that the indictment might contain bank fraud charges which may or may not relate to the ERISA charges. Thus, the substantive factual and legal issues would be almost identical. As the *Tolkow* court wrote, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter and is even more appropriate when both actions are brought by the government." 109 F.R.D. at 119. *See also Cruz*, 1997 WL 370194, at *3 ("When both actions are brought by the government, there is a danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent the Fifth Amendment rights against self-incrimination."). The identity of issues and parties thus supports the request for a stay.

Regarding the next two factors, the Secretary argues that her interests in proceeding expeditiously with this case are substantial and Defendants have no constitutional right to a stay.

She asserts that quick action is required to protect the Plan and its participants from further loss of Plan assets consisting of their retirement contributions. The Secretary further notes that the relief requested in this case includes having Defendants return to the Plan funds that they diverted or improperly transferred, as well as removing Defendants as fiduciaries of the Plan. On the other hand, as Defendants note, requiring Defendants to choose between asserting their Fifth Amendment rights (thereby subjecting themselves to the very real possibility of adverse inferences) and defending themselves in this action imposes a substantial burden upon Defendants, especially because the government is the real party in interest in both cases and could seek to use evidence gathered in this case in the criminal investigation of Defendants. Defendants also note that there is no risk of further injury to the Plan and its participants because MPC employees no longer contribute to the Plan and Defendants have agreed not to take any actions regarding the Plan without the Secretary's approval.

The Court is mindful of the interests that the Secretary seeks to protect, especially those of the participants whose contributions to the Plan have allegedly been diverted by Defendants. In addition, the Court is concerned that because Defendants have not yet been indicted, a stay of indefinite duration will further delay any ultimate recovery. However, based upon the materials the Court has reviewed, an indictment appears to be much more than some fanciful and far-off possibility, and it is likely that any delay will not be substantial. The Court further notes that while the Secretary contends that fading memories and loss of documentation and witnesses are at stake, she offers no specific examples making this case any more compelling than other cases in which a stay is sought. Finally, although the Secretary asserts that the investigator in the civil action has calculated a higher amount of loss to the Plan than the investigator in the criminal matter, it is nonetheless true that the same interests will be represented in the criminal case and there is no

7

indication that criminal investigator's loss estimate is final, incorrect, or substantially at odds with the loss estimate in the civil case.

The fifth consideration examines the interests of courts in docket management and the expeditious resolution of cases. *See In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819, at *5. The Secretary contends that granting a stay would impose additional burdens upon this Court in having to monitor the criminal proceeding to determine when the stay should be terminated and addressing motions to lift the stay depending upon the circumstances of the individual participants. On the other hand, Defendants contend that without a stay the Court may be burdened with having to deal with Defendants' likely repeated assertions of their Fifth Amendment rights. While both arguments have some merit, the Court concludes that scarce judicial resources in this district at this time would be best used by staying this case in favor of the criminal case, which may ultimately reduce or eliminate the need for discovery or result in a settlement of this case if Defendants are convicted. *See id.* Moreover, the Court can reduce its own case management burden by requiring the parties to advise the Court on any development in the criminal case.

Regarding the final two considerations – the interests of non-parties and the public interest – the interests of approximately 69 current and former Plan participants who have been affected by Defendants' alleged ERISA violations and the Secretary's interest in the effective enforcement of ERISA's provisions to ensure the integrity of pension and welfare plans are, without question, important considerations. To a large extent, however, the criminal case will serve to protect and advance those same interests. *See Tolkow*, 109 F.R.D. at 121. Therefore, a stay of the civil case would not be detrimental to these interests.

Balancing the foregoing considerations, the Court concludes that a stay should issue. The considerations weighing most heavily in the Court's analysis are the almost complete identity of ERISA-related issues in both cases and the fact that the government is the interested party in both cases. Courts routinely acknowledge that such circumstances present the most compelling basis for a stay of civil proceedings, even when an indictment has not yet been issued. In addition, the Court notes that AUSA MacDonald has advised that the government has already concluded that it has sufficient evidence to seek an indictment, which suggests that an indictment is not far off. Moreover, while important interests are asserted in the civil action, those interests will be represented in the criminal case. At the same time, however, given the alleged injury to the participants of the Plan, who relied upon Defendants to ensure that all employee/employer contributions went into the Plan for the benefit of the participants, the Court declines to issue an open-ended stay. Almost three months have elapsed since AUSA MacDonald notified Defendants' counsel of the government's belief that it has sufficient evidence to indict, without further indication that an indictment is in the works. Accordingly, the Court will stay this case for ninety days from the date of the Order entered pursuant to this Opinion but will allow the parties to move for reconsideration and/or extension of the stay, as may be appropriate. The Court will also require Defendants' counsel to advise the Court of any developments in the criminal matter that occur during this period.

A separate Order will issue.


Dated: July 6, 2007                               /s/ Gordon J. Quist
                                               GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE